UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RANDY J. BROEHM,

        Plaintiff,

   v.

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

Case No. 16-cv-1660-pp

---

**ORDER GRANTING PLAINTIFF'S
REQUEST TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 3)**

---

      The plaintiff has filed a complaint requesting that the court review the Commissioner's denial of his Social Security Disability Insurance claims. Dkt. No. 1. Along with the complaint, the plaintiff filed an affidavit in support of his request that the court allow him to proceed with the case without paying the filing fee. Dkt. No. 3. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

      In the affidavit, the plaintiff indicates that he is unemployed, and receives $614 per month in child support (which he indicates he doesn't always receive), id. at 2, but also indicates that he has no dependents under the age of eighteen because his four sons are adults, id. at 4. It appears that he is not married. Id. at 2. He indicates that he has monthly expenses totaling $673.19,

1

consisting of between $300 for utilities, $353.19 for car insurance, and $20 for student loans. Id. at 4-5. Although he indicates that he does not own a home, id. at 3, he lists no rent expense, and he lists no expenses for food. He owns a 2013 Chevy truck worth $38,000, and a 1997 Chevy Suburban worth $1,000. Id. at 3-4. He indicates that he is owed $65,000 in child support, id. at 4. He has $5.00 in savings at a credit union. Id. at 3. The plaintiff's affidavit is confusing, but it appears that he has a gross (and intermittent) income of $614 per month, expenses of $673 or more per month, and only one significant asset—his crew cab truck. The court concludes from this information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In his complaint, the plaintiff asserts that the ALJ's decision is not supported by substantial evidence and is contrary to law. The court finds that the plaintiff has stated a claim that the Commissioner's decision denying the

plaintiff's application for benefits is not supported by substantial evidence, or is contrary to law. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **ORDERS** that the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 3) is **GRANTED.**

Dated in Milwaukee, Wisconsin this 19th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

3

Case 2:16-cv-01660-PP   Filed 12/19/16   Page 3 of 3   Document 4